IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN CORBETT McCLURE,

    Petitioner,               No. CIV 08-2468 KJM

    vs.

RICHARD B. IVES,

    Respondent.           ORDER

                                 /

        Petitioner is a federal prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He alleges that the federal Bureau of Prisons (BOP) has refused to consider him for its substance abuse/early release program solely because of his commitment offense, which he argues is arbitrary and capricious. Respondent has filed a motion to dismiss, alleging that the action is not ripe and that petitioner lacks standing. Both parties have consented to magistrate judge jurisdiction.

I. <u>Background</u>

        In 2003, petitioner was convicted of conspiring to possess methamphetamine, cocaine and ecstasy with the intent to distribute and/or manufacture and to distribute the drugs, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and of using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). He was sentenced to a total term of

1

180 months.  Motion to Dismiss (MTD), Ex. 1; United States v. Kevin Corbett McClure, 1:02CR00079-02 (District of Idaho), Docket No. 844 (judgment).[1]  His projected release date is April 21, 2015.  MTD, Ex. 1.[2]

On April 14, 2008, petitioner submitted an "Inmate Request To Staff," asking for "re-assessment of my eligibility for early release for successful completion of RDAP [Residential Drug Abuse Program]."  Pet. at 14.[3]  BOP personnel replied that his request to participate in RDAP would be forwarded to the Drug Treatment Specialist and that the "application will include a file review consistent with the standards for early release eligibility outlined in Arrington."[4]  Id.  At the bottom of the form, the "DTS" [Drug Treatment Specialist] wrote "please reapply for RDAP when you become 36 months from your release date."  Id.  Petitioner alleges, however, that he was told he would not be eligible for early release because of his firearm conviction.  Id. at 6.

Petitioner pursued administrative remedies.  On June 13, 2008, respondent replied:

> According to Program Statement 5162.04, Categorization of Offenses, Page 3, "Other policies or programs, such as early release pursuant to 18 U.S.C. 3621(e), indicate that an inmate could be denied the benefits of such program if he or she was convicted of an offense listed in either Section 6 or 7."  Arrington invalidated one of the Bureau's federal regulations prescribing the criteria for the RDAP early release eligibility, specifically 28 CFR 550.58 (a)( vi) (B) (2000).  That regulation requires that inmates whose current offense 'involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" not be eligible for RDAP early release.  The violation of 18 USC 924(c), is included in Section 6 on page 4 of Program Statement 5162.04, as a crime of violence in all cases.  Staff decision-making per

---

[1] The court takes judicial notice of records of the United States District Court for the District of Idaho.  Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007).

[2] The release date also may be confirmed by visiting the BOP's website at www.bop.gov.

[3] The court relies on page numbers assigned by its ECF system.

[4] Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).

|   |   |
|---|---|
| 1 | Program Statement 5162.04, Section 6, was not addressed in <u>Arrington</u> and remains unchanged.  As a result, an inmate who is denied RDAP early release eligibility under Section 6 remains ineligible for reasons unrelated to <u>Arrington</u>. |
| 2 | |
| 3 | |

Pet. at 10.

Petitioner appealed this determination.  The Regional Director of BOP responded, in pertinent part:

> In order to be considered for an 18 U.S.C. § 3621(e) early release, you must first be determined as qualified for the RDAP.  That decision has not yet been made.  Thus, at this time any official determination of your provisional eligibility for 18 U.S.C. § 3621(e) early release would be premature.
>
> Bureau of Prisons staff have suggested that you would not be eligible for 18 U.S.C. § 3621(e) early release consideration pending successful completion of the RDAP, based on your instant offense.  However, this determination cannot be considered official until completion of the Eligibility Interview.

<u>Id</u>. at 8.

II. <u>Analysis</u>

    A. <u>Background</u>

Under 18 U.S.C. § 3621(b), BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  Under § 3621(e)(1)(C), BOP must provide residential substance abuse treatment for prisoners "based on an eligible prisoner's proximity to release date."  To encourage inmates to enroll in drug treatment, the statute also provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B).

Because the statute itself does not define "nonviolent offense" for purposes of its early release program, the Bureau of Prisons has adopted and refined its own definition; both the definition itself and the process of defining the term  have been the subject of considerable

litigation. In several regulations and program statements, BOP sought to exclude inmates whose commitment offenses involved the use of firearms from consideration for early release. See Gardner v. Grandolsky, 585 F.3d 786, 789-91 (3d Cir. 2009) (surveying history); Williams v. Clark, 52 F.Supp.2d 1145, 1147-50 (C.D. Cal. 1999) (same). As part of this evolution, the Supreme Court considered BOP's discretion in categorizing certain offenses as crimes of violence based on pre-conviction conduct. Lopez v. Davis, 531 U.S. 230 (2001). The Court concluded that BOP "may categorically exclude prisoners based on their preconviction conduct" and found a 1997 interim regulation, which excluded prisoners whose drug offenses included the use of a firearm, to be a permissible exercise of BOP's discretion. Id. at 242-43.

In Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), the Ninth Circuit considered the BOP regulation, which became final in 2000, through the lens of the Administrative Procedures Act and determined that its adoption had not complied with appropriate procedures. Accordingly, the Ninth Circuit found that the 2000 regulation categorically excluding prisoners with convictions involving firearms was invalid. Id. at 1114.[5] Petitioner relies on Arrington to argue that he should be entitled to consideration for early release, claiming that BOP refuses "to look at my individual circumstances as set forth in 3621(e)." Pet. at 3. In this respect, petitioner's position does not acknowledge the Ninth Circuit's decision in Warren v. Crabtree, 185 F.3d 1018 (9th Cir. 1999), finding that BOP may classify all § 924(c) offenses as crimes of violence for the purposes of sentence reduction.

Respondent does not address the merits of petitioner's claim, but rather argues that the claim is not ripe and that petitioner lacks standing because he has not even completed the RDAP, a prerequisite for any consideration of early release. See 18 U.S.C. § 3621(e)(2) ("the period a prisoner . . . remains in custody after successfully completing a treatment program may be reduced. . . ."). Respondent has supported this contention by providing copies of BOP's

---

[5] None of the Arrington petitioners had been convicted of violating 18 U.S.C. § 924(c)(1). Id. at 1112 n.4.

4

Program Statements from BOP's website, which are proper subjects of judicial review. United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (judicial notice taken of BOP policy statement); Denius v. Dunlap, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on official government website). He has provided the current program statements, effective March 16, 2009, but has not given the court the administrative materials in effect at the time petitioner exhausted his administrative remedies. MTD, App. 2.

According to the current version of the program statements, an inmate must meet three criteria to be admitted into the RDAP: he must have a verifiable substance abuse problem, he must sign an agreement acknowledging program responsibility, and he must be able to complete all three components of the program before release. Psychology Treatment Programs Statement P5330.11, § 2.5.1(b); see also 28 CFR § 550.53(b).

> If verifying documentation is found or produced, and only then, inmates who volunteer for the RDAP will be personally interviewed by the DAPC [Drug Abuse Program Coordinator]. Interviews will be conducted based on the inmate's proximity to release, ordinarily no less than 24 months from release.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> On the basis of the clinical interview, the DAPC may conclude that the inmate either does or does not have a diagnosis of a substance abuse disorder. In some instances, the DAPC may find the inmate does not have a diagnosis, even if there is substantiating documentation.

Id. § 2.5.9; 28 CFR § 550.53(e). These provisions do not appear to differ greatly from the prior version of the statement cited to petitioner in response to his April 2008 request. Pet. at 14.

/////
/////
/////
/////
/////
/////

5

This court has no jurisdiction to review claims unless they are ripe. <u>United States v. Streich</u>, 560 F.3d 926, 931 (9th Cir. 2009). The Supreme Court has explained, the

> basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

<u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148-49 (1967). In assessing whether a determination is ripe for review, a court must consider whether delaying the review would cause hardship to petitioner, whether a decision would interfere with administrative action, and whether further factual development would assist the court. <u>Ohio Forestry Association, Inc. v. Sierra Club</u>, 523 U.S. 726, 733 (1998). A claim is not ripe "if it involves contingent future events that may not occur as anticipated, or indeed may not occur at all.'" <u>Streich</u>, 560 F.3d at 931 (quoting <u>Thomas v. Union Carbide Agr. Prods. Co.</u>, 473 U.S. 568, 580-81 (1985)).

The requirement that a party have "standing" to bring an action is part of the case-or-controversy provisions of Article III of the Constitution. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). There are three elements:

> First, the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court. Third it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision.

<u>Id</u>. (internal quotations & citations omitted).

The two doctrines are related: "ripeness can be characterized as standing on a timeline" and often "coincides squarely with standing's injury in fact prong." <u>Thomas v. Anchorage Equal Rights Commission</u>, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). To have

standing, a party must demonstrate a realistic danger that he will suffer some injury as the result of the operation of the challenged statute or regulation. Id. at 1139.

Petitioner cannot satisfy the jurisprudential prerequisites to this action. He alleges the BOP has determined he is ineligible for the RDAP early release program because of his conviction. At this point, however, petitioner has not shown he would otherwise be accepted into RDAP. In fact, he has not alleged or otherwise demonstrated that he has a substance abuse disorder that would qualify him for entry into the program. Because there is nothing in the record suggesting petitioner could be admitted to the RDAP and because the determination of RDAP eligibility will not take place until he is closer to his release date, he has not shown that the challenged regulation is the cause of any injury. Aguilar v. Woodring, 2008 WL 4375757 (C.D. Cal. 2008) (petitioner cannot challenge regulations concerning halfway house placement when he was not yet entitled to an evaluation for placement); compare Serrato v. Clark, 486 F.3d 560 (9th Cir. 2007) (petitioner had standing to challenge discontinuation of boot camp program when there was no dispute she was eligible for the program); Birth v. Crabtree, 996 F.Supp. 1014 (D. Oregon 1998) (petitioner's claim was ripe even though he had not yet completed drug treatment when BOP issued a prospective determination of his eligibility for release).

In his opposition to respondent's motion, petitioner argues that the results of any eligibility interview will be a foregone conclusion based on his § 924(c) conviction. He has not demonstrated, however, that this conviction will have a bearing on the evaluation for RDAP participation as opposed to his eligibility for early release. Because he has not shown he has been rejected from the RDAP because of his conviction and that he is otherwise eligible for RDAP, he has not demonstrated injury in fact.

/////
/////
/////
/////

7

IT IS THEREFORE ORDERED that respondent's motion to dismiss (docket No. 13) is granted.

DATED: February 25, 2010.

_____
U.S. MAGISTRATE JUDGE

mccl2468.mtd